**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSE A. HERNÁNDEZ-TIRADO,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-14-2287** |
| v. : | |
| : | **(Judge Caputo)** |
| **CRAIG LOWE,** *et al.*, : | |
| : | |
| Respondents : | |

**M E M O R A N D U M**

Jose A. Hernández-Tirado, an inmate presently housed at the Pike County Correctional Facility (PCCF) in Lords Valley, Pennsylvania, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1, Pet.)  Mr. Hernández-Tirado has paid the filing fee in this matter.  For the reasons that follow, the court will dismiss the petition without prejudice.

Mr. Hernández-Tirado states that after recently pleading guilty to various drug charges, he is awaiting sentencing by the Honorable Judge Robert M. Mariani of this court.  In his Petition, Mr. Hernández-Tirado seeks a transfer from the PCCF to the Lackawanna County Prison, in Scranton, Pennsylvania due to various civil rights violations he is experiencing at the PCCF.  (*Id.*)  He claims that while housed at the PCCF, he has been subjected to physical and verbal assault, racial discrimination, harassment and retaliation for the filing of a separate civil rights action currently before this court, *Hernández-Tirado v. Lowe*, No. 3:140CV01897 (M.D. Pa.).  Mr. Hernández-Tirado claims that due to the actions of PCCF prison officials, some of

whom are named as defendants in his pending civil rights action, he is fearful for his "Safety and Welfare" and thus seeks his immediate removal from the PCCF to the Lackawanna County Prison which is located near his fiancee and children. He states that "[t[his Court, however, need not – and should not – reach the serious Constitutional questions posed by Petitioner's detention at PCCF. Rather, principles of Constitutional avoidance require the Court to construe the Criminal and Federal Statute as not authorizing his continued detention at PCCF." (*Id.*, ECF p. 7.)

The court will dismiss the Petition without requiring an answer from Respondent, as authorized by Rule 4 of the Rules Governing Section 2254 Cases for the United States District Courts, made applicable to § 2241 actions by Rule 1 of those rules.

Federal prisoners may use a petition for habeas corpus to challenge "the validity of the fact or length of their confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973), such as when a challenge is made to prison disciplinary proceedings that affect the length of confinement by depriving the prisoner of good-time credits. *Muhammad v. Close*, 540 US. 749, 750, 124 S.Ct. 1303, 1304, 158 L. Ed. 2d 32 (2004). In addition, when a prisoner seeks a "quantum change" in the level of custody, for example, when a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-244 (3d Cir. 2005).

Simply put, the claims that Mr. Hernández-Tirado raises are not cognizable in habeas.[1] Instead of challenging the fact or duration of his confinement, he challenges the conditions of his confinement at the PCCF. Such a challenge cannot be brought in habeas as claims that do not directly implicate the fact or duration of confinement may not be pursued by way of a habeas petition. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.") Also, while an institutional transfer from one facility to another is sometimes an available form of relief under habeas, it is only available when the petition claims that he is being detained in an unlawful location. *Woodall*, 432 F. 3d at 242-43 (holding, in part, that a claim regarding the lawfulness of a prison transfer was cognizable under 28 U.S.C. § 2241). Mr. Hernández-Tirado does not claim that it is unlawful for him to be detained at the PCCF while he awaits federal sentencing, rather he asserts that certain PCCF prison officials have violated his constitutional rights. The fact that Mr. Hernández-Tirado's requested relief is sometimes available through habeas petition does not transform what are clearly civil rights claims into proper habeas claims. Accordingly, he must bring these claims of verbal and physical abuse, racial discrimination and retaliation in a new civil rights action.

---

[1] The court takes judicial notice of his criminal proceedings before Judge Mariani, *USA v. Hernández-Tirado*, 3:14-CR-0194 (M.D. Pa.). To the extent that he claims he is being denied access to the law library which is hampering his criminal matter preparations, it is noted that he is represented by counsel in that matter.

The court will not convert Mr. Hernández-Tirado's habeas petition to a civil rights action for several reasons. First, if the petition were converted to a civil rights complaint, he would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds. *See* 28 U.S.C. §§ 1914, 1915(b). The dismissal of this action at the pleading stage would not terminate his duty to pay the $350 filing fee. Here, the petition was not accompanied by the $350 filing fee or an authorization to have such a fee deducted from his trust fund account. Additionally, 42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This provision requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Mr. Hernández-Tirado has not alleged he exhausted administrative or state court remedies. Another omission from the Petition that affects the court's decision not to consider it as a civil rights complaint is Mr. Hernández-Tirado's failure to identify the capacity in which the named respondents would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity. In addition, if the petition were converted to a civil rights complaint, the court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). It is not clear that all of Mr. Hernández-Tirado's allegations state civil rights claims. If the pleading ultimately were dismissed for

failure to state a claim upon which relief may be granted, such a dismissal could count as a "strike" against him for purposes of 28 U.S.C. § 1915(g) and any future civil rights action he might bring.

Therefore, based on the foregoing, it is appropriate to dismiss the petition so Mr. Hernández-Tirado himself may determine whether or not he wishes to raise his present claims through a properly submitted civil rights complaint.

An appropriate Order follows.

       **/s/ A. Richard Caputo**
       **A. RICHARD CAPUTO**
       **United States District Judge**

**Date: December 16, 2014**